PER CURIAM.
This appeal is brought from an order terminating parental rights. We agree with the trial court that the performance agreement accepted by Jimenez was “hardly the ‘meaningful document’ contemplated by [section 39.01(40), Florida statutes]” because it failed to delineate, with reasonable specificity, the tasks Jimenez had to perform in order to correct the problems or conditions which were the basis for the adjudication of dependency. For that reason it cannot be said, as a matter of law, that the appellant’s efforts to comply fell short of expectations. See John Doe & Jane Doe v. State of Delaware, 450 U.S. 382, 101 S.Ct. 1495, 67 L.Ed.2d 312 (1981) (Brennan, J. dissenting to denial of review) (whether Delaware’s guidelines for determining permanent termination of the parental-child relationship are unconstitutionally vague and indefinite presents a justiciable federal question).
Reversed and remanded for further proceedings.